UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMMAR ATMEH,

    Plaintiff,

v.

MICHAEL CHERTOFF,
MICK DEDVUKAJ,
ROBERT MUELLER,

    Defendants.

Case No. 08-11848

Hon. Victoria A. Roberts

_____

# OPINION AND ORDER
# DENYING DEFENDANTS' MOTION TO DISMISS AND FOR REMAND

**I.    INTRODUCTION**

This matter is before the Court on Defendants' Motion to Dismiss and for Remand, filed September 24, 2008 (Docket #7). Plaintiff filed a Response on September 24, 2008 (Docket #8). Plaintiff asks the Court to compel Defendants to adjudicate his naturalization application. Defendants ask the Court to remand this case to the United States Citizenship and Immigration Services ("USCIS") for resolution of all issues arising from the results of Plaintiff's security and background checks.

For the reasons stated below, the Court **DENIES** Defendants' Motion to Dismiss and for Remand, and will set a Scheduling and Status Conference. The Court reserves the right to remand the matter to USCIS, pursuant to 8 U.S.C. § 1447(b).

1

## II.     BACKGROUND

Plaintiff, Ammar Atmeh, is a lawful permanent resident of the United States, Alien Registration # 074-777-446, residing in Washtenaw County, Michigan. On April 16, 2001, Plaintiff applied for naturalization. Plaintiff's N-400 Application for Naturalization was received by the US Immigration and Naturalization Service ("INS") on the same date. On April 24, 2002, Plaintiff was interviewed by the INS. INS advised Plaintiff that he passed the English and U.S. history and government tests and that his application was recommended for approval.

USCIS submitted Plaintiff's security name check request to the FBI on November 27, 2002 and December 3, 2002. For six years, between 2002 and 2008, Plaintiff contacted Defendants on numerous occasions to get them to complete his security checks. On April 4, 2008, Plaintiff filed a Complaint for Writ of Mandamus (Docket #1). In June 2008, USCIS received the results of Plaintiff's security name checks. On July 29, 2008, USCIS re-interviewed Plaintiff. Plaintiff's application remains pending and has been for 7 ½ years.

Defendants move the Court to remand this action to USCIS for adjudication of Plaintiff's application. Defendants say Plaintiff's security and background checks revealed issues regarding his eligibility for naturalization that required further inquiry and review. Defendants contend they cannot make a determination on Plaintiff's application until they perform a "full criminal background check" as required by statute and regulation.

Plaintiff asks this Court to maintain jurisdiction and decide his application. Plaintiff says Defendants are essentially refusing to adjudicate his application and seek

to limit a court of law's intervention.

The Court decides this Motion without oral argument pursuant to E.D. Mich. LR 7.1(e)(2).

## III. STANDARD OF REVIEW

Dismissal is appropriate under *Federal Rule of Civil Procedure 12(b)(1)* where the court lacks subjection matter jurisdiction over a plaintiff's claim. *Fed. R. Civ. P. 12(b)(1).* If a *Rule 12(b)(1)* motion challenges the court's subject matter jurisdiction based on the sufficiency of the pleadings' allegations, the motion is a facial attack. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). In reviewing a *Rule 12(b)(1)* facial attack, the court must accept all material allegations as true and construe them in a light most favorable to the non-moving party. *Id.* Court should review *12(b)(1)* challenges before others. *Gould, Inc. V. Pechiney Ugine Kuhlmann*, 853 F.2d 445, 450 (6th Cir. 1988).

## IV. ANALYSIS

### A. Jurisdiction

Under a provision of the Immigration and Nationality Act, if the Government fails to make a determination on a naturalization application "before the end of the 120-day period after the date on which examination is conducted . . . , the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter." 8 U.S.C. § 1447(b). This Court has previously held – as the majority of courts have – that the 120-day statutory decision-making period commences when a naturalization applicant "appear[s] in person before a Service officer" as provided in 8

C.F.R. § 335.2. *Zhang v. Chertoff*, 2006 US Dist. LEXIS 45313 (E.D. Mich Feb. 1, 2006). The required criminal background check is separate from this "examination," and the 120-day period is not tolled pending its completion. *Khelifa v. Chertoff*, 2006 US Dist. LEXIS 40946 (E.D. Mich June 9, 2006).

Plaintiff's initial "examination" was conducted in April, 2002. The 120-day period had long since expired when he brought this suit in April of 2008. It follows that this Court has subject matter jurisdiction under 8 U.S.C. § 1447(b).

**B.    Remedy**

The Court now must decide how to proceed. By statute, the Court "may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter." 8 U.S.C. § 1447(b). Plaintiff argues that the Court should assert its jurisdiction and review his application on the merits. Defendants, in contrast, contend that USCIS should be allowed to decide Plaintiff's application, with judicial review available in the event Plaintiff is not satisfied with the agency's determination. The Court finds Plaintiff's argument more persuasive.

In particular, the Court is persuaded by the reasoning of Judge Zatkoff in *Omeiri v. District Director, Bureau of Citizenship and Immigration Services*, 2007 WL 2121998 (E.D. Mich. July 24, 2007):

.    .    .    .

> The purpose of the background checks within the context of the Immigration and Naturalization Act is to ensure that only worthy applicants are granted the privilege of United States citizenship. As a means of effectuating this purpose, Congress required Defendant to receive confirmation from the FBI that a criminal background check has been completed prior to making a final decision on a naturalization application. This requirement provides some assurance that Defendant's final

4

decisions are well informed and carefully considered.

On the other hand, the purpose of granting jurisdiction to the district courts 120 days after the initial interview with an applicant for naturalization is to ensure that Defendant does not unreasonably delay its decision. Thus, once Defendant conducts its initial interview with the applicant, it has 120 days in which to complete any investigation it deems necessary in order to make a final decision. Tellingly, Congress did not qualify the grant of jurisdiction other than delaying it by 120 days: if, for any reason, including the absence of a complete criminal background check, Defendant has not made a decision at the end of 120 days, the district courts can assume jurisdiction. This gives the district courts authority to oversee the application process, including gathering information necessary to make a final decision and making sure the steps Defendant takes are necessary for the final adjudication of the application, and subjects Defendant to the court's power over contempt.

The Court finds nothing incompatible in these two objectives. Conferring jurisdiction on the district courts does not detract from Congress's goal of making sure that Defendant's decisions are well informed and carefully considered. The 120 day period provides an incentive for Defendant to process its applications efficiently. However, nowhere does the 120-day provision require Defendant to act imprudently. In other words, while the 120-day period encourages Defendant to make final decisions in a timely manner, it does not mandate that Defendant make a final decision where it does not possess the necessary information. Likewise, the courts are not required to make a final decision simply upon gaining jurisdiction. The jurisdictional grant merely provides necessary oversight to a complicated process; it does not necessarily hasten it. Accordingly, the courts have the authority to defer the decision making authority to Defendant through their power to remand the application and instruct Defendant, while still maintaining supervision over the timeliness of the application process. As such, informed decisions are still made, but applicants have some assurance that the decisions cannot be unreasonably delayed without the court stepping in. This interpretation gives effect to both of Congress's objectives.

2007 WL 2121998 at 3-4.

A contrary interpretation effectively strips the courts of its important oversight responsibility. *Id.* at 4. Like *Omeiri, supra,* this Court finds that Congress did not intend to allow Defendants to avoid court oversight in such a way or by hiding behind delays at

5

the FBI.

Defendants correctly note that the majority of courts, including most the judges in this district, remand cases to USCIS for decision after all of the background check information becomes available. See *Issa v. Mueller*, 486 F.Supp. 2d 668 (E.D. Mich. 2007)(Feikens, J.), 20 month delay between interview and filing of complaint; *Khelifa v. Chertoff*, 433 F.Supp. 2d 836 (E.D. Mich 2006)(Rosen, J.), 18 month delay between interview and filing of complaint; *Zhang v. Chertoff*, 2006 US Dist. LEXIS 45313 (E.D. Mich Feb. 1, 2006)(Roberts, J.), 6 month delay between interview and filing of complaint; *Garcia-Guerra v. Chertoff,* 2007 WL 1004223 (E.D. Mich, March 30, 2007)(Cleland, J.), 21 month delay between interview and filing of complaint; *Yang v. Chertoff*, 2008 WL 344544 (E.D. Mich Feb. 6, 2008)(Cox, J.), 18 month delay between interview and filing of complaint; *Al-Yasiry v. USCIS*, 2007 WL 2221397 (E.D. Mich July 30, 2007)(Friedman, C.J.), 36 month delay between interview and filing of complaint; *Omeiri v. USCIS*, 2007 WL 2121998 (E.D. Mich Feb. 6, 2008)(Friedman, C.J.), 20 month delay between interview and filing of complaint; Mahmood v. Chertoff, 2005 WL 5179153 (E.D. Mich. Nov. 30, 2005)(Gadola, J.), 22 month delay between interview and filing of complaint. However, none of the cited cases involved delays even remotely close to the 84-month delay between Plaintiff's interview and the filing of his Complaint.

At least one judge in this district found a delay of 1,310 days (43.5 months) to be unreasonable. In *Chebli v. Chertoff*, 2007 WL 2571967 (E.D. Mich. Sept. 4, 2007), Chief Judge Friedman denied defendant's motion to dismiss or to remand, and asserted the district court's jurisdiction pursuant to § 1447(b). While recognizing that the defendants and the FBI have an enormous and difficult case load, Judge Friedman

found that the extreme delay that occurred was intolerable by any standard.

Section 1447(b) allows the district court to obtain exclusive jurisdiction over those naturalization applications on which the INS (now USCIS) fails to act within 120 days if the applicant properly invokes the court's authority. *United States v. Hovsepian*, 359 F.3d 1144, 1164 (9th Cir. 2004). Under the facts of this case, the Court holds that permitting the USCIS to retain jurisdiction of this case – with no reasonable explanation of its delays of Atmeh's application, both past and present – would frustrate Congress' intent that USCIS make a naturalization determination within 120 days of an applicant's examination. *Id.* at 1163.

Remanding this case would do nothing to ensure that Defendants will make a decision on Plaintiff's application. For instance, Defendants say that Plaintiff's background and security checks revealed additional issues which require further review and inquiry. However, Defendants don't offer any explanation for the past delays, nor do they offer any guarantee that they will not delay the matter for additional months or years while they conduct further review. Moreover, Defendants revealed that Plaintiff's fingerprint cards expired on November 30, 2002. (Decl. L. Jones, p. 3). Defendants say the fingerprint checks must be less than fifteen (15) months old at the time USCIS adjudicates benefit applications. *Id.* As of September 24, 2008, Plaintiff still had not been scheduled for new fingerprinting. (Docket #8, p. 3). Thus, this will also result in additional delay.

While Defendants must be afforded ample opportunity to examine applicants' qualifications to ensure that only worthy applicants are granted citizenship, the Court must also safeguard the applicants' right to a reasonably prompt decision. *Chebli* at 3.

This Court therefore exercises exclusive jurisdiction of this matter.

## V. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendants' Motion to Dismiss and for Remand (Docket #7) is **DENIED**.

The Court will schedule a Scheduling and Status Conference.

The Court reserves its right to remand the matter to USCIS to determine the matter, pursuant to 8 U.S.C. § 1447(b).

**IT IS ORDERED.**

 s/Victoria A. Roberts
 Victoria A. Roberts
 United States District Judge

Dated: November 4, 2008

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on November 4, 2008.<br><br>s/Linda Vertriest<br>Deputy Clerk |